Mario V. Glisic, Esq.
Carpenter Wellington PLLC
107 Spring Street, Suite 3028
Seattle, WA 98104
Telephone Number: 206-395-5998
E-Mail Address: mglisic@carpenterwellington.com

Attorney for Defendant Prototek Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC**, <br><br> Plaintiff, <br> v. <br><br> **PROTOTEK CORPORATION**, <br><br> Defendant. | Civil Action No.: 3:20-cv-05871-BHS <br><br> The Honorable Benjamin H. Settle <br><br> **TRIAL BY JURY DEMANDED** |

### DEFENDANT'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR INFRINGEMENT OF PATENT

Defendant Prototek Corporation ("Defendant" or "Prototek"), by its undersigned counsel, answers plaintiff Symbology Innovations, LLC's ("Plaintiff" or "Symbology") complaint for infringement of patent (the "Complaint") as follows:

**I.     RESPONSES TO PLAINTIFF'S ALLEGATIONS**

**NATURE OF THE ACTION**

1. Prototek admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."). Prototek admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 patent") is attached to Plaintiff's Complaint as Exhibit A. Prototek denies that it is infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff, from the '752 patent, and, on that basis, denies any remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Prototek admits the allegations in paragraph 3 of the Complaint.

4. Prototek denies that it derives a portion of its revenue from advertisements. Prototek admits the remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Prototek admits that the Complaint purports to set forth an action for infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq.* For avoidance of doubt, Prototek denies a violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq.*, and denies liability for all allegations of patent infringement included or implied in paragraph 5 of the Complaint.

6. Prototek admits the allegations in paragraph 6 of the Complaint.

7. Prototek does not contest whether personal jurisdiction over it properly lies in this District in this case, and therefore admits that it has systemic and continuous contacts with this jurisdiction, and that its residence is in this District. Prototek denies that it has

committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations in Paragraph 7 of the Complaint.

8. Prototek does not contest whether this Court has specific and general personal jurisdiction over it in this case, and therefore admits that has substantial business in this District by regularly doing or soliciting business in the District, deriving revenue from goods and services provided to individuals in this District, and being incorporated in this District. Prototek denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations in Paragraph 8 of the Complaint.

9. Prototek admits the allegations in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Prototek admits that a purported copy of the '752 patent is attached to Plaintiff's Complaint as Exhibit A and that, on its face, the '752 patent is entitled "System and method for presenting information about an object on a portable electronic device" and bears an issuance date of April 23, 2013. Prototek denies that the '752 patent was legally or duly issued. Prototek lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Prototek admits that, pursuant to the purported copy of the '752 patent that is attached to Plaintiff's Complaint as Exhibit A, on its face, Claim 1 of the '752 patent is described as alleged in paragraph 14 of the Complaint.

15. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17. Prototek denies the allegations in paragraph 17 of the Complaint.

## DEFENDANT'S PRODUCTS

18. Prototek denies the allegations in paragraph 18 of the Complaint.

19. Prototek denies the allegations in paragraph 19 of the Complaint.

20. Prototek denies the allegations in paragraph 20 of the Complaint.

21. Prototek denies the allegations in paragraph 21 of the Complaint.

22. Prototek denies the allegations in paragraph 22 of the Complaint.

23. Prototek denies the allegations in paragraph 23 of the Complaint.

24. Prototek denies the allegations in paragraph 24 of the Complaint.

25. Prototek denies the allegations in paragraph 25 of the Complaint.

26. Prototek denies the allegations in paragraph 26 of the Complaint.

## INFRINGEMENT OF THE '752 PATENT

27. Prototek repeats and realleges, as if fully set forth herein, its responses to the allegations in paragraphs 1 to 26 of the Complaint.

28. Prototek denies the allegations in paragraph 28 of the Complaint.

29. Prototek denies the allegations in paragraph 29 of the Complaint.

30. Prototek denies the allegations in paragraph 30 of the Complaint.

31. Prototek denies the allegations in paragraph 31 of the Complaint.

32. Prototek denies the allegations in paragraph 32 of the Complaint.

33. Prototek denies the allegations in paragraph 33 of the Complaint.

34. Prototek denies the allegations in paragraph 34 of the Complaint.

35. Prototek denies the allegations in paragraph 35 of the Complaint.

36. Prototek lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and, on that basis, denies all such allegations.

## DEMAND FOR JURY TRIAL; PRAYER FOR RELIEF

37. The remainder of Plaintiff's Complaint recites a demand for jury trial and prayer for relief, to which no response is required. To the extent any response is required, (i) Prototek agrees with the demand for a trial by jury of any and all causes of action so triable and (ii) denies that Plaintiff is entitled to any remedy or relief.

38. To the extent not expressly admitted herein, Prototek denies each and every other allegation, express or implied, contained in Plaintiff's Complaint.

## II.     PROTOTEK'S DEFENSES

Prototek asserts the defenses listed below. Prototek reserves the right to amend its answer to add additional defenses consistent with the facts discovered in this case.

### FIRST DEFENSE: NON-INFRINGEMENT

39. Prototek does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid claim of the '752 patent, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '752 patent. The '752 patent is not entitled to a scope sufficient to encompass any system employed or process practiced by Prototek.

### SECOND DEFENSE: INVALIDITY

40. Each asserted claim of the '752 patent is invalid for failure to comply with one or more of the requirements of the U.S.C., Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. Without limitation, the claims of the '752 patent are invalid under 35 U.S.C. § 101 because the '752 patent claims nothing more than the abstract idea of decoding symbols, and the claims recite no special computer, hardware, or other physical components. Without limitation, the '752 patent is also invalid under 35 U.S.C. §§ 102 and 103 because the QR code technology that is alleged to be the "Accused Product" that purportedly enables the alleged infringement of the '752 patent, together with other third-party technologies

enabling use of the QR code, are prior art that were invented in the 1990's and donated by the inventors to the public. In view of the prior art references, the asserted claims of the '752 patent are not novel and are anticipated and obvious to a person of ordinary skill in the art. The foregoing is abundantly clear by the widespread public use of QR code technology, and the abstract methods claimed under the '752 patent that enable its use, both in the United States, and around the world.

### THIRD DEFENSE: LIMITATION ON DAMAGES

41. Plaintiff's recovery for infringement is barred by the statutory limitation on damages pursuant to 35 U.S.C. §286. Even if, following a trial on the merits, this honorable Court were to find that an infringement of the '752 patent actually occurred by Prototek's mere purchase of an advertisement in the October 2013 issue of the Municipal Sewer & Water Magazine, as suggested by Plaintiff's only evidence of the alleged infringements in Exhibit B of the Complaint, such alleged infringing activity, having allegedly occurred in October 2013 per the date stamp of the advertisement, occurred more than six years before the filing of the Complaint in August 2020, and thus any recovery in connection therewith is barred by 35 U.S.C. §286. While Plaintiff alleges ongoing infringement, it does not present a shred of evidence in support of its allegation.

### FOURTH DEFENSE: FAILURE TO STATE A CLAIM

42. Plaintiff has failed to state a claim upon which relief can be granted because (i) the '752 patent is not entitled to a scope sufficient to encompass any system employed or process practiced by Prototek, (ii) the '752 patent does not claim patentable subject matter and is otherwise invalid under 35 U.S.C. §§ 101, 102, 103, and 112, and (iii) Plaintiff's recovery is barred by 35 U.S.C. §286.

### III. PROTOTEK'S COUNTERCLAIMS

For its counterclaims against Plaintiff, Prototek alleges as follows:

### PARTIES

43. Prototek is a corporation organized under the laws of Washington, having a principal place of business at 19044 Jensen Way NE, Poulsbo, Washington 98370.

44. Upon information and belief based solely on paragraph 2 of the Complaint, Symbology is a Texas limited liability company with its principal place of business at 1801 NE 123 Street, North Miami, Florida 33181.

### JURISDICTION

45. Prototek incorporates by reference paragraphs 43 and 44 above.

46. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

47. Symbology has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

48. Based solely on Symbology's filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. § 1400.

### COUNT I – DECLARATION REGARDING NON-INFRINGEMENT

49. Prototek incorporates by reference paragraphs 43 - 48 above.

50. Based on Symbology's filing of this action and at least Prototek's first affirmative defense of non-infringement, an actual controversy has arisen and now exists between the parties as to whether Prototek infringes the '752 patent.

51. Prototek does not infringe the '752 patent because Prototek does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid claim of the '752 patent, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '752 patent. The '752 patent is not entitled to a scope sufficient to encompass any system employed or process practiced by Prototek.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Prototek requests a declaration by the Court that Prototek has not infringed and does not infringe any claim of the '752 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### COUNT II – DECLARATION REGARDING INVALIDITY

53. Prototek incorporates by reference paragraphs 43 - 52 above.

54. Based on Symbology's filing of this action and at least Prototek's second affirmative defense of invalidity, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752 patent.

55. The asserted claims of the '752 patent do not claim patentable subject matter and are anticipated and/or rendered obvious by prior art donated by their inventors to the public more than two decades ago, rendering the claims of the '752 patent invalid under at least 35 U.S.C. §§ 101, 102, and 103. Without limitation, the claims of the '752 patent are

invalid under 35 U.S.C. § 101 because the '752 patent claims nothing more than the abstract idea of decoding symbols, and the claims recite no special computer, hardware, or other physical components. Without limitation, the '752 patent is also invalid under 35 U.S.C. §§ 102 and 103 because the QR code technology that is alleged to be the "Accused Product" that purportedly enables the alleged infringement of the '752 patent, together with other third-party technologies enabling use of the QR code, are prior art that were invented in the 1990's and donated by the inventors to the public. In view of the prior art references, the asserted claims of the '752 patent are not novel and are anticipated and obvious to a person of ordinary skill in the art. The foregoing is abundantly clear by the widespread public use of QR code technology, and the abstract methods claimed under the '752 patent that enable its use, both in the United States, and around the world.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Prototek requests a declaration by the Court that claims of the '752 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## IV.     DEMAND FOR JURY TRIAL

57. Prototek demands a trial by jury of any and all causes of action so triable.

## V.      PRAYER FOR RELIEF

WHEREFORE, Prototek respectfully requests that the Court enter judgment in Prototek's favor and against Symbology by granting the following relief:

A. a declaration that the '752 patent is invalid.

B. a declaration that Prototek does not infringe, under any theory, any valid claim of the '752 patent.

C. judgment against Symbology and in favor of Prototek.

D. dismissal of the Complaint with prejudice.

E. a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Prototek of its costs and attorneys' fees incurred in this action.

F. further relief as the Court may deem just and proper.

Dated: October 2, 2020  
Seattle, WA

Respectfully submitted,  
Carpenter Wellington PLLC

_s/Mario V. Glisic___,  
Mario V. Glisic, Esq.  
WSBA No. 46444  
Attorney for Defendant  
Prototek Corporation